## LANSBURG *v.* WALSH *et al.*

### (*City Court of New York, General Term.*  October 24, 1892.)

SALE—ACTION FOR PRICE.

Defendants purchased a quantity of lumber belonging to plaintiff from a broker, who supposed and represented to defendants that the lumber belonged to T., who had signed the letter of instructions to the broker, but who was shown on the trial to be plaintiff's clerk, and acting for plaintiff. The lumber was shipped in four different lots, and accompanying each was a bill of lading, in which plaintiff was named as consignor; and, after two shipments had been made, plaintiff wrote defendants, demanding payment therefor. It appeared that defendants had used the lumber shipped, and had made no payment to any one. *Held,* that plaintiff was entitled to recover for the lumber.

Exceptions from trial term.

Action upon a *quantum meruit* by Max Lansburg against Thomas Walsh and others for the sale and delivery of lumber by plaintiff to defendants. From an order granting a nonsuit, plaintiff appeals.  Reversed.

Argued before EHRLICH, C. J., and VAN WYCK and McCARTHY, JJ.

*Leo. G. Rosenblatt,* for appellant.  *Michael J. Scanlan,* for respondents.

VAN WYCK, J. At the close of plaintiff's case, and before defendants had rested, the trial judge dismissed the complaint on the merits, and ordered the exceptions to be heard in the first instance at general term. The defendants were not entitled to a dismissal on the merits, and therefore what the court below granted will be deemed and reviewed as a nonsuit. This action is upon a *quantum meruit* for the sale and delivery of 125 pine timber piles by plaintiff to defendants. The defendants admit that they received 99 of these piles, and used them in the construction of certain docks then being built by them, but claim that they bought them by express contract and agreed price from one Benton, and not from plaintiff. The proof shows conclusively that the piles were owned by plaintiff. The fundamental principle of the law of personal property is that no person can be divested of his property without his own consent, and hence plaintiff would be entitled to recover the reasonable value of these piles, unless an estoppel has been created by which he is deprived of his property by the act of Benton. To create such an estoppel he must have clothed the person assuming to dispose of this timber with apparent title to it, or authority to dispose of it; and, secondly, the person seeking to avail himself of the estoppel must have acted and parted with value on the faith of such apparent ownership or authority, so that he will be the loser if the appearances to which he trusted are not real. This second prerequisite to the creating of such estoppel is wanting in this case, for one of the defendants testifies that they have not paid anything to any one on account of these timbers in any way, except to pay the freight, which plaintiff concedes should be credited to defendants as payment on account; and Benton makes no claim for the purchase price. The testimony of Benton shows that he made the sale upon a commission of 5 per cent. for one Thompson, and so informed the defendants, and that he then supposed that Thompson was the principal, because he had signed the letter of instructions, although the same was written on one of the plaintiff's letter heads. The proof shows that this Thompson was a clerk in the plaintiff's employment, and acted in the matter for him; that these timbers were shipped by plaintiff to defendants in four lots on the following days: June 17th, 24th, and 28th, and July 3d; that a bill of lading of each lot was, at the time of shipment, mailed to and duly received by the defendants; that in each and every of such bills the plaintiff was designated as "consignor" and the defendants as "consignees;" that defendants received these four lots of piles under these bills of lading, and used the same in building their docks: and that the last two shipments were so received on July 19th, and afterwards so used b

them, although they had received plaintiff's letter of July 5th, in which, after referring to the shipments, he makes a demand on them for payment for the piles already received by them. If the receipt by defendants of these four several bills of lading in which they were designated as "consignees" and plaintiff as "consignor" did not fully apprise them of plaintiff's ownership of the timber therein specified and receipted for, and subsequently received and used by them as aforesaid, then they were certainly put upon their inquiry as to ownership and conditions of shipment, and whether the same was received and accepted by them upon consignment or sale and delivery from plaintiff. At any rate, they had certainly been fully informed, before they accepted and used the last two shipments of these piles, that the plaintiff, by his letter of July 5th, asserted ownership of the piles, and claimed payment for the same, and that all of the piles had been forwarded to them by plaintiff. It would seem that defendants, by the receipt of the bills of lading, acceptance of the timber thereunder, and use of same by them, are estopped from denying that they bought and received the timber from plaintiff; and it is certain that they are so estopped as to the two lots received and used by them after receipt of the letter of July 5th. The defendants assert that the letter from Benton, and their acceptance of its terms, make an express agreement by him to sell at an agreed price; but, assuming such to be the case, still Benton testifies that he sold, as he supposed, and as he informed defendants, for Thompson, and under supposed authority from him; while it is in proof that Thompson was the clerk of and acting for plaintiff. This proof would, in law, entitle plaintiff to recover from defendants on the contract the agreed price, for the established rule is that, where a contract is by parol or in writing, and not under seal, in the name of the agent, and within his authority, the principal can enforce the same, and is liable thereon; but a different rule prevails as to sealed instruments. *Nicholl* v. *Burke*, 78 N. Y. 380. The only proof in this case as to the value of the timber so delivered is that the reasonable value thereof is exactly the same as the price fixed in the alleged Benton contract. Neither Thompson nor Benton makes any claim to the timber, or the agreed price or reasonable value thereof, and the latter says he sold it as a broker, while it is in proof that the former was clerk of and acted for plaintiff, whereas plaintiff testifies that he owned and shipped and billed the same as his own property; and defendants admit that they have received and used for dock building the four lots of piles, and have not paid any one for them, except the freight, and that no one seeks payment from them for the same except plaintiff. The nonsuit was improperly granted, and plaintiff is entitled to and must be granted a new trial, with costs to abide the event. All concur.